JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:21-cv-01223-JWH-KKx | Date | March 21, 2022 |
|---|---|---|---|
| Title | *Thomas Randall v. Automatic Data Processing Inc., et al.* | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND [ECF NO. 29] (IN CHAMBERS)**

    Before the Court is the motion of Plaintiff Thomas Randall to remand this action to San Bernardino County Superior Court.[1]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in opposition,[2] as well as the arguments of counsel at the hearing on the Motion, the Court orders that the Motion is **GRANTED in part** and **DENIED in part**, as set forth herein.

---

[1]      Pl.'s Mot. to Remand, or in the Alternative, Request for Leave to Am. His Compl. and for an Order to Remand to State Ct. ("Motion") [ECF No. 29].

[2]      The Court considered the following papers:  (1) Notice of Removal (the "Removal Notice") [ECF No. 1]; (2) the Compl. (the "Complaint") [ECF No. 1-3]; (3) the Motion (including its attachments); (4) Defs.' Opp'n to the Motion (the "Opposition") [ECF No. 35]; (5) Pl.'s Reply in Supp. of the Motion ("Reply") [ECF No. 36]; (6) the First Am. Compl. (the "Amended Complaint"); (7) Defs.' Suppl. Opp'n to the Motion (the "Supplemental Opposition") [ECF No. 42]; and (8) Pl.'s Suppl. Reply to the Opposition (the "Supplemental Reply") [ECF No. 43].

A.     **PROCEDURAL HISTORY**

Thomas Randall is a gay, 67-year-old man suing his former employer, Defendant Automatic Data Processing, Inc. ("ADP"), and his former supervisor, Defendant Wendy Heesch, for workplace discrimination and wrongful termination.[3]

Randall originally filed this lawsuit on April 30, 2021, in San Bernardino County Superior Court.[4] In his original Complaint, Randall asserted four state law causes of action: (1) discrimination based upon age, *see* Cal. Gov't Code §§ 12940 *et seq.*; (2) discrimination based upon sexual orientation, *see* Cal. Gov't Code §§ 12940 *et seq.*; (3) failure to prevent discrimination and harassment, *see* Cal. Gov't Code § 12940(k); and (4) wrongful termination in violation of public policy.[5] ADP removed the case to this Court on July 22 on the basis of diversity jurisdiction.[6] Although the amount in controversy is not in dispute, an issue exists regarding the diversity of citizenship of the parties: ADP is incorporated in Delaware with its principal place of business in New Jersey, while both Randall and Heesch are domiciled in California.[7] ADP addresses this jurisdictional defect in its Removal Notice, asserting that Heesch is a "sham" defendant whose citizenship should be disregarded for the purpose of diversity.[8]

On August 23, Randall moved to remand this case to state court.[9] But Randall's counsel's failed to comply with the Local Rules, so the Court denied that

---

[3]     Amended Complaint ¶¶ 13 & 14.

[4]     *See generally* Complaint. All dates are in 2021 unless otherwise noted.

[5]     *Id.* at ¶¶ 20-45.

[6]     Removal Notice ¶¶ 6-28.

[7]     *Id.* at ¶¶ 8 & 9; Complaint ¶ 5.

[8]     Removal Notice ¶ 12.

[9]     Pl.'s Mot. to Remand, or in the Alternative, Request for Leave to Am. His Compl. and for an Order to Remand to State Ct. [ECF No. 18].

motion without prejudice.[10]  Randall tried again by filing the instant Motion on November 2,[11] and it is fully briefed.[12]

The Court conducted a hearing on the Motion on December 3.  During that hearing, ADP argued that Randall had not alleged sufficient facts to state a claim against Heesch, reiterating its position that Heesch is a sham defendant fraudulently joined to prevent removal.  Unsurprisingly, Randall disagreed.  But, in the alternative, Randall contended that he could allege additional claims and facts if granted leave to amend.  The Court granted that request and directed the parties to provide supplemental briefing thereafter.[13]  Randall timely filed his Amended Complaint on December 17.[14]  ADP submitted its supplemental briefing on January 7, 2022,[15] and Randall replied a week later.[16]

## B.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted).

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33.  As such, a defendant may remove civil actions where complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  "Complete diversity" means that "each defendant must be a citizen of a different state from

---

[10]     *See* Min. Order [ECF No. 25] 2.

[11]     *See generally* Motion.  This time, Plaintiff's counsel complied with the Local Rules.

[12]     *See generally* Opposition & Reply.

[13]     Min. Order [ECF No. 37] 1.

[14]     *See generally* Amended Complaint.

[15]     *See generally* Supplemental Opposition.

[16]     *See generally* Supplemental Reply.

each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).

It should be noted the right to remove is not absolute, even where original jurisdiction exists. In other words, the removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." (quotation marks omitted)). Any doubts regarding the existence of subject matter jurisdiction must be resolved in favor of remand. *See id.* ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

In particular, a defendant asserting fraudulent joinder "carries the heavy burden of establishing the absence of any possibility of recovery." *Lighting Sci. Grp. Corp. v. Koninklijke Philips Elecs. N.V.*, 624 F. Supp. 2d 1174, 1179 (E.D. Cal. 2008) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). "Remand must be granted unless the defendant establishes that there is **no possibility** that the plaintiff could prevail on any cause of action it asserted against the non-diverse defendant." *Gonzalez v. J.S. Paluch Co.*, 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013) (emphasis added).

### C. DISCUSSION

#### 1. Sham Defendant

The central question facing this Court is whether there is any possibility that Randall could prevail on any claim against Heesch. The Courts concludes that there is.

When Randall amended his Complaint, he added two causes of action: (1) harassment based upon age, sexual orientation, and marital status in violation of the Fair Housing and Employment Act ("FEHA"),[17] and (2) intentional infliction

---

[17] Amended Complaint ¶¶ 41-52.

of emotional distress.[18]  Those two causes of action are the only two claims asserted against Heesch.[19]

The FEHA makes it illegal "[f]or an employer . . . or any other person" to harass an employee "because of . . . marital status, . . . , age, [or] sexual orientation." Cal. Gov't. Code § 12940(j)(1).  The elements of a hostile work environment claim under FEHA are "(1) the plaintiff belongs to a protected group; (2) the plaintiff was subjected to unwelcome harassment because of being a member of that group; and (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Lindsey v. Costco Wholesale Corp.*, 2016 WL 8729926, at *7 (N.D. Cal. Aug. 12, 2016).

Randall alleges that after ADP hired him in October 2018,[20] Heesch made numerous comments that Randall interpreted as denigrating him based upon his age, sexual orientation, or marital status.[21]  Those comments include:

- admonishing Randall for mentioning his husband to a client contact;[22]

- chastising Randall for Randall's use of vulgar language, saying that "it may have been acceptable to speak with a client like that back in the day but that it was no longer okay";[23]

---

[18]     *Id*. at ¶¶ 71-77.

[19]     Randall also consolidated his original first two causes of action into one cause of action for discrimination based upon age, sexual orientation, and marital status in violation of the FEHA, but that consolidated cause of action is asserted only against ADP and Doe defendants.  *Id*. at ¶¶ 29-40.  The Court disregards the pleading for any Doe defendants beyond Does 1 through 10.  *See* L.R. 19-1.

[20]     Amended Complaint ¶ 19.

[21]     Motion 4:6-5:10; Supplemental Reply 4:19-5:17.

[22]     Amended Complaint ¶ 21.

[23]     *Id*. at ¶ 22 (internal quotations omitted).

- expressing her opinion that employees with families should have special consideration in view of a potential layoff, which Randall perceived as discriminatory against him as a gay man lacking a "typical" family;[24]

- acting shocked and asking whether Randall's father was still alive (after Randall had just informed Heesch that Randall's father was ill), which Randall interpreted as an age-related disparagement;[25] and

- pointedly asking, "So now that your dad is gone are you going to retire?" just after Randall's father passed away.[26]

ADP argues that Heesch's comments are not severe or pervasive enough to constitute harassment.[27] But the Court finds two flaws with this line of argument. First, as Randall points out, the California legislature recently amended Section 12923 of California's Government Code to provide that "a single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment."[28] Cal. Gov't Code § 12923(b). Given that Randall *does* allege that those comments created a hostile work environment, the Court must acknowledge that a triable issue exists.[29]

Second, ADP improperly invites the Court to insert its own subjective viewpoint and to prejudge the severity of Heesch's comments. Making determinations regarding the validity of Randall's allegations, at this stage of the litigation, is inappropriate. *See, e.g.*, *Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 286 (2009) (noting that issues like hostile work environment are ones "not determinable on paper"); *c.f.* Cal. Gov't Code § 12923(e) ("Harassment cases are rarely appropriate for disposition on summary judgment."). Even if the Court believed that Heesch's comments were less than severe (but north of unkind),

---

[24]  *Id.* at ¶ 23.

[25]  *Id.* at ¶ 24.

[26]  *Id.* at ¶ 26.

[27]  *See* Opposition 3:11-5:24.

[28]  Supplemental Reply 3:27-4:3.

[29]  Amended Complaint ¶ 43.

reasonable people could disagree.  It is therefore quite possible that Randall could recover on his harassment claims against Heesch.

Because ADP has not shown "by clear and convincing evidence" that Randall's theory of recovery "is not viable," the Court holds that Heesch is a proper defendant in this case.  *Lighting Sci. Grp. Corp.*, 624 F. Supp. 2d at 1183.  Accordingly, the Court lacks subject matter jurisdiction because there is a lack of complete diversity of citizenship.  28 U.S.C. § 1332(a).

### 2. Attorneys' Fees

In his Motion, Randall seeks an award of attorney's fees.[30]  A district court may award attorneys' fees if "the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The Court finds that ADP did not lack an objectively reasonable basis.  Indeed, Randall had to amend his Complaint in order to allege sufficient facts to establish a claim against Heesch and, therefore, to defeat diversity jurisdiction.  An award of attorneys' fees is inappropriate here.

### D. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Randall's Motion to remand is **GRANTED**.  This action is **REMANDED** to San Bernardino County Superior Court.

2. Randall's request for attorneys' fees is **DENIED**.

**IT IS SO ORDERED.**

---

[30]   Motion 16:19-17:15.